UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KELLY DUKE,

        Petitioner,

    v.                                         Case No. 21-C-673

DAN WINKLESKI,

        Respondent.

## DECISION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS

On May 28, 2021, Petitioner Kelly Duke filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition raises a single ground for relief—ineffective assistance of trial counsel—based on counsel's alleged failure to litigate a motion to suppress and two *Daubert* motions before advising Duke to plead no contest. The case is before the Court on Respondent's motion to dismiss. For the following reasons, Respondent's motion will be granted and the case dismissed.

### BACKGROUND

Duke pleaded no contest to two counts of homicide by intoxicated use of a vehicle, one count of hit and run involving death, and one count of knowingly operating a motor vehicle while suspended resulting in great bodily harm. Dkt. No. 1 at 1. The circuit court sentenced Duke to consecutive terms totaling 30 years of initial confinement and 12 years of extended supervision. Dkt. No. 14-1. The judgment of conviction was entered March 21, 2013. *Id.* Duke filed a notice of intent to seek postconviction relief, and Attorney John R. Breffeilh was appointed to represent him.

On January 7, 2014, Attorney Breffeilh filed a notice of no-merit appeal, and the next day, he clarified that he sought to withdraw from the case so that Duke could proceed *pro se*. Dkt. No. 14-2 at 1. The Wisconsin Court of Appeals entered an order explaining to Duke that "representing himself [would be] difficult" because he would be responsible for following the rules of appellate procedure, timely filing his brief, and dealing with any other procedural matters, and urging Duke to give careful consideration to whether he wished to represent himself. *Id.* at 2–4. After Duke reaffirmed to the court of appeals that he wished to represent himself, the court granted his attorney's motion to withdraw and ordered Duke to inform the court if he intended to continue with the appeal or if he wished to voluntarily dismiss the appeal to pursue a postconviction motion in the circuit court. Dkt. No. 14-3 at 1–2.

Duke informed the court of appeals that he wished to pursue a postconviction motion and the court of appeals dismissed the pending appeal. Dkt. No. 14-4 at 1. In that order, the court of appeals set June 23, 2014, as Duke's deadline to file a postconviction motion or notice of appeal. *Id.* Duke later requested that the court of appeals extend his deadline, and the court granted his motion, extending his time to file a postconviction motion or notice of appeal to August 4, 2014. *Id.* at 2. Duke did not file a postconviction motion or notice of appeal by that date. In late 2017, however, Duke requested that the court of appeals extend his time for filing a postconviction motion or a notice of appeal. *See State of Wisconsin v. Kelly Duke*, Milwaukee County Case No. 2012CF44, Wis. Circuit Ct. Access *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2012CF000044&countyNo=40&index=0&mode=details (last accessed Mar. 10, 2022). The Wisconsin Court of Appeals denied the motion. *Id.*

On January 12, 2018, Duke filed a motion for postconviction relief in the circuit court. *Id.* Duke argued that he should have been allowed to withdraw his no-contest plea because he received ineffective assistance of trial counsel. The circuit court denied the motion without a hearing, *id.*, and the Wisconsin Court of Appeals affirmed. *See* Dkt. No. 14-5. The crux of Duke's argument was that he received ineffective assistance of counsel when his trial counsel failed to litigate several pre-trial motions before advising him to plead no-contest. *Id.* at 3. The court noted that his trial counsel had, in fact, filed three motions, one under *Miranda v. Arizona*, 384 U.S. 436 (1966), and two under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). *Id.* Relying on Wisconsin law, the court of appeals affirmed the decision of the circuit court because Duke had not "alleged facts that, if true, would have entitled him to relief." *Id.* (citing *State v. Bentley*, 201 Wis. 2d 303, 310, 548 N.W.2d 50 (1996)). It concluded that Duke had not (1) explained why he would have insisted on going to trial but for his counsel's alleged error; (2) explained why his counsel would have prevailed on the suppression motions and why success on those motions would have caused him to proceed to a trial given the strong evidence against him; and (3) explained what counsel would have accomplished with the *Daubert* motions and why success on those motions would have caused him to choose trial over a plea. *Id.* at 3–4. The Wisconsin Supreme Court denied Duke's petition for review on October 21, 2020.

## ANALYSIS

Respondent argues that the petition should be dismissed because the petition is time-barred and Duke's single ground for relief is procedurally defaulted. Dkt. No. 14 at 4, 7. In response, Duke argues that equitable tolling is an appropriate remedy to excuse the untimely filing and that cause and prejudice exist that excuse the procedural default. Dkt. No. 15 at 1, 4. Because the

3

petition is untimely and Duke's claims were denied on independent and adequate state law grounds, Respondent's motion will be granted and the petition dismissed.

Under 28 U.S.C. § 2244(d)(1), a one-year "period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." Relevant here, Duke's limitation period ran from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Wisconsin Court of Appeals extended Duke's deadline to seek direct review until August 4, 2014, and Duke did not file a postconviction motion or notice of appeal by that date. Therefore, because the time to seek direct review expired on August 4, 2014, the one-year statute of limitations began to run on that day. *Id.* The petition in this case was filed on May 28, 2021, and thus clearly falls outside of the one-year statute of limitation.

Petitioner does not appear to dispute that his petition is untimely. Instead, he argues that he is entitled to the remedy of equitable tolling and that application of the remedy saves his petition. Dkt. No. 15 at 1–4. "Equitable tolling of AEDPA's [Antiterrorism and Effective Death Penalty Act] one-year limitations period is an extraordinary remedy that is rarely granted." *Mayberry v. Dittmann*, 904 F.3d 525, 529 (7th Cir. 2018) (internal quotation and citation omitted); *accord Conroy v. Thompson*, 929 F.3d 818, 820 (7th Cir. 2019) ("We have repeatedly emphasized that such tolling is rare—reserved for those circumstances 'far beyond the litigant's control.'") (citation omitted). To satisfy this high bar, a habeas petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Mayberry*, 904 F.3d at 529 (internal quotations and citations omitted). It is the petitioner who bears the burden of establishing these elements, and failure to show either element "will disqualify him from eligibility for tolling." *Id.* at 529–30.

4

Petitioner argues that he has diligently pursued his rights by timely responding to the Wisconsin Court of Appeals' various orders, requesting extensions of time in the court of appeals, conducting research and drafting arguments to support his position, and diligently filing and litigating a motion pursuant to Wis. Stat. § 974.06. Dkt. No. 15 at 3. In light of the fact that Duke took *no* action in the courts from August 2014 to November 2017, it cannot be said that he pursued his rights diligently. But even if he had, Duke cannot demonstrate an "extraordinary circumstance" that prevented his timely filing of the petition. *Mayberry*, 904 F.3d at 529. Duke asserts that the Wisconsin Court of Appeals' denial of his motion for extension of time to file a postconviction motion or notice of appeal in November 2017 is the extraordinary circumstance that stood in his way. Dkt. No. 15 at 4. But an extraordinary circumstance is one that is "far beyond the litigant's control," *Conroy*, 929 F.3d at 820, and there is no doubt Duke was put on notice that his deadline to file a notice of appeal or postconviction motion was August 4, 2014. *See* Dkt. No. 14-4 at 2. Duke's decision not to act by that date and not to seek a further extension until November 2017, over two years after his deadline expired, was certainly within his own control.

Duke argues that he "had a breakthrough" while conducting his legal research, in which he discovered he should file a motion pursuant to Wis. Stat. § 809.30 instead of Wis. Stat. § 974.06, and that this was the reason he requested an extension in November 2017. But this late "breakthrough" is Duke's own fault. The Wisconsin Court of Appeals specifically warned Duke that representing himself would be "difficult" and that he would be responsible for handling all aspects of his postconviction proceedings. Dkt. No. 14-2 at 2–4. Although the Court is not insensitive to the difficulties faced by *pro se* petitioners, Duke was specifically warned of the risks and consequences of representing himself, including the requirement that he follow the proper procedures on appeal. More importantly, Duke's assertion does not comport with the actions he

5

took prior to August 2014. Duke was specifically made aware that there was a binding deadline set by the court of appeals, and he appears to have recognized as much by requesting that the court of appeals extend that deadline. Dkt. No. 14-4. The Court does not find Duke's explanation of his failure to act in a timely manner plausible on this record.

In sum, Duke has failed to demonstrate an extraordinary circumstance that prevented him from timely filing his petition. The circumstances faced by Duke were not "far beyond" his control. *Conroy*, 929 F.3d at 820. Duke could have filed a notice of appeal, postconviction motion, or, even more simply, another motion for an extension of time by August 4, 2014. He does not explain his failure to do so. Therefore, because Duke has not demonstrated the existence of an extraordinary circumstance that prevented the timely filing of his petition, the petition must be dismissed as untimely.

Finally, even if his petition was timely, it would still be dismissed because his claims were denied by the state court on independent and adequate state law grounds. Duke's motion for postconviction relief was denied without a hearing because he failed to allege facts that, if true, would have entitled him to postconviction relief. In other words, he failed to meet the pleading standard established in *State v. Allen*, 2004 WI 106, ¶ 14, 274 Wis. 2d 568, 682 N.W.2d 433. The Seventh Circuit has held that denial of a motion for postconviction relief for violation of the *Allen* pleading standard is an independent and adequate state law ground that bars further federal relief. *Lee v. Foster*, 750 F.3d 687, 694 (7th Cir. 2014) (holding that "the *Allen* rule is a well-rooted procedural requirement in Wisconsin and is therefore adequate"). Because Duke has failed to show cause or prejudice for his failure to comply with *Allen*, or that the failure to review will result in a fundamental miscarriage of justice, he is not entitled to federal relief for this reason as well.

## CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss (Dkt. No. 13) is **GRANTED**. The petition is untimely and Petitioner has failed to demonstrate an extraordinary circumstance that prevented him from timely filing the petition. In addition, his claims were denied on independent and adequate state law grounds and he has failed to establish cause and prejudice. The Clerk is directed to enter judgment dismissing the case. A certificate of appealability will be **DENIED**. I do not believe that reasonable jurists would find that the petitioner has made a substantial showing of the denial of a constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Duke is advised that the judgment entered by the Clerk is final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. In the event Duke decides to appeal, he should also request that the court of appeals issue a certificate of appealability.

**SO ORDERED** at Green Bay, Wisconsin this 18th day of March, 2022.

> s/ William C. Griesbach
> William C. Griesbach
> United States District Judge